STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SILVIO
SANTINI, PLAINTIFF IN ERROR.

Decided June 7, 1927.

### Crimes—Selling Liquor—No Error Found in Admission of Testi-mony—Ample Proof of Sale—Judgment Affirmed.

On error to the Cumberland County Court of Quarter Ses-
sions.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *Wescott & Weaver* (*Ralph W.
Wescott,* of counsel).

For the defendant in error, *Thomas G. Tuso,* prosecutor of
the pleas.

PER CURIAM.

The plaintiff in error was convicted in the Quarter Ses-
sions court of Cumberland county on an indictment charging
him in one count of unlawfully selling liquor for beverage
purposes and in another count for having in his possession,
unlawfully, liquor for beverage purposes. Numerous grounds
are urged for a reversal of the judgment. First, that there
was no proof of the commission of the crime alleged in the
indictment by the plaintiff in error. There was ample proof
that liquor was sold by the plaintiff in error and that he had
a legal possession of liquor to be used for beverage purposes.
Second, that the verdict is against the weight of the evidence.
We do not think it is. The third ground is that the court
erred in refusing to allow the withdrawal of a juror because
upon the demand of the state for the arrest of a witness for
the defense, while the said witness was under cross-examina-
tion by the state.

What took place was that on cross-examination of a witness, the prosecutor said: "You stay right here, Mr. Parent, you take charge of this man. He will tell you where he got the whiskey if he can. The Court—Strike that out. Mr. McDonald—I take exception right now to the remarks of the prosecutor. Mr. Tuso—I withdraw the remarks. Mr. McDonald—I ask to withdraw a juror. Court—I will deny that motion. The remarks have been withdrawn and stricken out."

While the remarks of the prosecutor were highly improper, the court immediately upon the asking of the questions, struck them out, and the prosecutor immediately withdrew the remarks. It was then that counsel asked to withdraw a juror. This application was not proper. The application should have been made to the court to declare a mistrial; but even if the defendant was entitled to ask for the withdrawal of a juror, since it appears that the remarks were withdrawn and stricken out by the court, there is nothing left for the plaintiff in error upon which to base a ground for reversal. Moreover, we are unable to perceive any prejudicial injury to the defendant in his defense on the merits of the case.

We have examined the remainder of the assignments of errors and specification of causes for reversal and find them to be without substance.

Judgment is affirmed.